UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DENNIS DAVIS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1788** |
| | * | |
| **INLAND DREDGING COMPANY LLC** | * | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court is the motion of the Defendant Inland Dredging Company LLC ("Inland") to transfer this case, pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Mississippi ("N.D. Miss.") or alternatively, to the United States District Court for the Northern District of Florida ("N.D. Fl.") (Rec. Doc. No. 7). Plaintiff has filed an opposition to that motion. (Rec. Doc. No. 9). No reply to Plaintiff's opposition has been filed. Accordingly, for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion to Transfer (Rec. Doc. No. 7) is hereby **GRANTED,** the above captioned action is hereby transferred to United States District Court for the Northern District of Mississippi.

### I. *CAUSE OF ACTION AND FACTS OF CASE*

This case arises from a maritime injury allegedly sustained by Plaintiff on March 14, 2009 after falling down steps aboard the Defendant's Dredge KELLY L. (Rec. Doc. No. 9 at 1). Plaintiff,

1

a resident of Talahatchie County, Mississippi, filed suit alleging negligence under the Jones Act and general maritime law. Defendant alleges the accident occurred while the Dredge was in the waters of Apalachicola, Florida; Plaintiff agrees although with less specificity, stating that the "accident occurred in the Panama City, Florida area . . ."[1] (Rec. Doc. No. 9 at 8). Plaintiff states that he received medical treatment after the incident at facilities chosen by Defendant including facilities located in Granada Mississippi and Memphis, Tennessee. (Rec. Doc. No. 9 at 1-2). Neither party disputes that the action "could have been brought" in the Eastern District of Louisiana.

II. *LAW AND ANALYSIS*

A.   Motion to Transfer - 28 U.S.C. § 1404(a)

Motions to transfer venue pursuant to 28 U.S.C. § 1404(a) are left to the sound discretion of the district court. *Mohamed v. Mazda Motoer Corp.*, 90 F.Supp. 2d 757, 768 (2000). 28 U.S.C. § 1404(a) states that a district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The inquiry called for by this statute is two part, "(1) whether the action sought to be

---

[1] For sake of reference, Apalachicola, Florida is approximately 60 miles from Panama City, Florida.

transferred is one that 'might have been brought' in the district court where the movant seeks to have the case litigated, i.e., the 'transferee' court. If so, (2) whether, considering the 'convenience of parties and witnesses' and 'the interest of justice' a transfer to the proposed district is appropriate." *Atlantic Sounding Co., Inc. v. Steward*, No. 5:08-cv-307, 2009 WL 1375699, at *1 (S.D. MS. May 15, 2009) (citing *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D.N.Y. 1991).

If the preliminary question is answered affirmatively, the court will consider the convenience of the parties and witnesses and balance public and private factors, none of which are of themselves dispositive, to determine whether transfer is warranted. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314-316 (5th Cir.2008)(en banc). The public interest factors are: (1) the administrative difficulties resulting from court congestion; (2) the relationship to the community from which jurors will be drawn to the litigation; (3) the local interest in having localized controversies decided at home; and (4) choice of law issues. *See, e.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Sanders v. Seal Fleet, Inc.*, 998 F.Supp. 729, 738 (E.D. Tex. 1998); *Peters v. Milton Hall Surgical Associates*, L.L.C., 2003 WL 22174274 at *2 (E.D. La. 2003); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The private interest factors are: (1) the plaintiff's choice

of venue; (2) the situs of material events; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if the court grants the transfer.[2]

However, taking all the factors together, unless they balance heavily in favor of the Defendant, the Plaintiff's choice of forum should rarely be disturbed. *Columbia Energy Services Corp. v. TDC Energy Corp.*, F. Supp. 2d, 2002 WL 272382 at *2 (E.D. La. 2002). The Plaintiff's choice of forum "is held to be 'highly esteemed,' and entitled to great weight, especially if the forum he chooses is in the district in which he resides."

   *1. Public Interest Factors*

   *a. Relationship to community and local interest*[3]

Movant argues that the citizens of the Eastern District of Louisiana have no interest in the outcome of the instant litigation while, because Respondent is a resident of the Northern District of Mississippi and the alleged injuries occurred in the Northern District of Florida, the citizens of those districts have such an interest. (Rec. Doc. No. 7-1 at 15). Respondent does not rebut this assertion, in fact he does not address the public

---

[2] *See also In re Volkswagen* 545 F.3d at 314 (stating "Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer.")  *Id.* at 314 n.10.

[3] This section encompasses both public interest factors two and three.

interest factors in his opposition to the instant motion.[4]  This factor thus, weighs in favor of transfer.

  *2. Private Interest Factors*

  *a. Plaintiff's Choice of Venue*

The Fifth Circuit has held that "it is clear under Fifth Circuit precedent that the plaintiff's choice of [venue] is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative."  *In re Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003).  Moreover, "the plaintiff's privilege of choosing his venue, at the very least, places the burden on the defendants to demonstrate why the forum should be changed." *Time, Inc. v. Manning*, 366 F. 2d 690, 698 (5th Cir. 1966).  In *Roulston v. Yazoo River Towing, Inc.*, F. Supp. 2d, 2004 WL 1687232 (E.D. La. 2004), the court held that venue transfer was proper; one factor contributing to that decision was the fact that Plaintiff did not reside in his chosen venue.  The Court will afford less deference to the Plaintiff's choice if the Plaintiff does not reside in that chosen forum. *Id.* (*citing Marrogi*, 2001 WL 987386 at *2; *Morgan v.* 2003 WL 1903344 at *3.

---

[4]Movant is correct where it states that, as this case will be "decided under federal law and there is no indication of problems arising from court congestion," the only remaining public interest factors are the second factor, i.e. the relationship to the community from which jurors will be drawn to the litigation; and the third factor, i.e. the local interest in having localized controversies decided at home.  The fourth public interest factor, choice of law issues, has no bearing on the instant case.

In the instant action, Plaintiff is a resident of Talahatchie County, Mississippi which lies in the Northern District of Mississippi. (Rec. Doc. No. 1-1). Plaintiff does not presently reside in the Eastern District of Louisiana, nor does anything in Plaintiff's opposition to the instant motion suggest that Plaintiff was a resident of this district at the time of the alleged incident. Thus, Plaintiff's choice of venue is given less deference than it would be, were Plaintiff a resident of this district. This factor militates in favor of transfer as well.

    *b. Location of incident*

The location of the incident is an important factor when determining venue. *See, e.g., Holmes v. Warrior & Gulf Navigation Co.*, F. Supp. 2d, 2004 WL 1774615 at *3 (E.D. La. 2004). Here, both parties agree that the incident occurred in Florida. Movant alleges the accident occurred while the Dredge was in the waters of Apalachicola, Florida roughly sixty miles from Panama City and Respondent states that the incident occurred in the Panama City, Florida area. As neither party suggests that the alleged accident occurred in the E.D. La., this factor certainly weighs in favor of transfer.

    *c. Availability of Witnesses and Parties*

This factor is arguably one of the most important when analyzing a Motion to Transfer. *See Aland v. Faison Associates*,

F. Supp., 1998 WL 355468 (N.D. Tex. 1998). In *Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005), the Defendant argued that even if venue was proper in the Plaintiff's chosen venue, the suit should be moved for reasons of convenience. The court determined that even if moving the suit to Defendant's venue was convenient to them, it would be much less convenient for the Plaintiff. *Id.* Defendant claimed all of its witnesses were located in Idaho and requested the transfer but all of Plaintiff's witnesses were located in Texas. *Id.* A case should not be transferred if the "only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Id.*

Here, Movant lists five potential witnesses, not including the Plaintiff and the distance in miles from their location to the N.D. Miss. and the N.D. Fl. (Rec. Doc. No. 7 at 11). However, Movant acknowledges that while it can compel the attendance of its employees at trial, two of listed five witnesses are no longer within its employ and are outside the subpoena power of this court. *Id.* at 12. However those two witnesses, David Tropp and David Woods are listed as more than 100 miles from this district, the N.D. Miss., and the N.D. Fla.; although, David Woods is listed as resident of Florida and thus would be under the subpoena power of any United States District Court in the State of Florida

pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii) and 45(c)(3)(B)(iii).[5]

Respondent's central argument in it's opposition to the instant motion is that, if this action is transferred, his medical treatment providers in this district cannot be compelled to testify at trial about the nature and extent of his injuries. (Rec. Doc. No. 9 at 8-9). Respondent suggests that, were the case transferred and were Respondent's local medical providers to go to the transferee district voluntarily, "such costs could be prohibitive given that it would take the physicians out of their practices for at least one to two days." *Id*. While this fact perhaps militates against transfer of the instant action, it appears to be the only connection Respondent has to the E.D. La.

   d.  *Possibility of Delay and Prejudice*

When "the action is still in the early stages of litigation, any delay resulting in the transfer to the proper forum should now prejudice either party." *Peters v. Milton Hall Surgical Associates*, No. Civ. A. 03-1254, 2003 WL 22174274, at *2 (E.D.la. Sept.11, 2003). Movant states that, as this case was filed June

---

[5] Mr. Woods situation is similar to Defendant's witnesses Jose Hernandez and Robert Sykes who both reside in Mississippi although they appear to be employed by the Defendant. (Rec. Doc. No. 7 at 11)

21, 2010 "there will not be any delay or prejudice if a transfer is granted." (Rec. Doc. No. 7-1 at 15).  Respondent again argues that he will suffer significant prejudice if this action is transferred as he would not then "have the ability to compel key medical providers to testify at trial . . . ." (Rec. Doc. No. 9 at 10).  However, respondent does state that while ". . . Dr. Lyons and Dr. Bartholomew may attempt to 'accommodate' the parties by providing depositions prior to trial . . . ." there is value in having a live treating physician testify and this "can only be accomplished if this matter remains in the Eastern District . . . ."  (Rec. Doc. No. 9 at 10.)  Given the possibility that Respondent's local physicians will either (a) voluntarily attend trial in another district or (b) provide deposition testimony that may be used in lieu of live testimony at trial in another district, and considering that the instant action is still in its early stages, it does not appear that transfer of this case would result in delay or prejudice to either party.

C.  CONCLUSION

Reviewing the pleadings, it appears that the only relationship between Plaintiff and his chosen venue is two of his medical providers reside and practice in this district and thus would be subject to this Court's subpoena power.  Balancing all the above

9

articulated factors, transfer of this action is warranted.

New Orleans, Louisiana, this 3RD day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE